******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IN RE JOSYAH L.-T.*
## (AC 46679)

Bright, C. J., and Suarez and Harper, Js.

*Syllabus*

The respondent mother appealed to this court from the judgment of the trial court terminating her parental rights with respect to her minor child. She claimed that this court should recognize her right to be the child's legal guardian because she would be a better caregiver to him than the petitioner, the Commissioner of Children and Families. The trial court granted the termination petition, concluding by clear and convincing evidence that the Department of Children and Families had made reasonable efforts to reunify the respondent with the child but that the respondent was unable or unwilling to benefit from those efforts and had not achieved the degree of personal rehabilitation that would encourage the belief that, within a reasonable period of time, considering the child's age and needs, she could assume a responsible position in his life. *Held* that the judgment of the trial court terminating the respondent's parental rights was affirmed, as the respondent abandoned any possible claim related to the judgment by failing to identify in her brief to this court any claim of legal or factual error that the trial court made in its decision; accordingly, as the respondent's status as a self-represented party did not permit this court to overlook that omission, this court was unable to afford her any relief in connection with this appeal.

Argued February 28—officially released March 20, 2024**

*Procedural History*

Petition by the Commissioner of Children and Families to terminate the respondents' parental rights with respect to their minor child, brought to the Superior Court in the judicial district of Middlesex, Juvenile Matters at Middletown, and tried to the court, *Sanchez-Figueroa, J.*; judgment terminating the respondent father's parental rights and denying the petition as to the respondent mother; thereafter, the petitioner filed a petition to terminate the respondent mother's parental rights with respect to her minor child, brought to the Superior Court in the judicial district of Middlesex, Child Protection Session at Middletown, and tried to the court, *Burgdorff, J.*; judgment terminating the respondent mother's parental rights, from which the respondent mother appealed to this court. *Affirmed.*

*Celina T.*, self-represented, the appellant (respondent mother).

*Nisa Khan*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent, Celina T., appeals from the judgment of the trial court terminating her parental rights with respect to her minor child, Josyah L.-T. (Josyah). The respondent, who is self-represented in this appeal, asserts that this court should recognize her right to be the legal guardian of Josyah because she would be a better caregiver to him than the petitioner, the Commissioner of Children and Families. Because the respondent has failed to identify any cognizable claim of error in relation to the court's decision terminating her parental rights as to Josyah, we affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. Josyah was born in July, 2016. In its May 12, 2023 memorandum of decision terminating the respondent's parental rights as to Josyah, the trial court, *Burgdorff, J.*, found the following: "[The Department of Children and Families' (department)] involvement with this family commenced in August, 2016. A neglect petition was filed on Josyah's behalf on October 7, 2016. The identified concerns at that time included [the respondent's] homelessness and transience, substance abuse issues, and [her] unaddressed mental [health] issues that impacted her ability to parent and care for . . . Josyah. Josyah was adjudicated neglected [on December 15, 2016] and removed from [the respondent's] care on November 13, 2017, due to a domestic dispute involving a physical and verbal altercation with Josyah's current foster mother in the foster mother's home where [the respondent] was also residing.[1] Josyah was present when the altercation occurred. [The respondent] was criminally charged, and a protective order was issued through March, 2018, with the foster mother as the protected person." (Footnote added.) On November 16, 2017, the petitioner filed an ex parte motion for an order of temporary custody. On November 22, 2017, the court, *Woods, J.*, sustained the order of temporary custody. On June 28, 2018, Josyah was committed to the care and custody of the petitioner, and the court issued specific steps to the respondent to facilitate her reunification with Josyah.

In its memorandum of decision, the court, *Burgdorff, J.*, further stated: "[The respondent] was discharged from . . . [a] housing [assistance] program in December, 2018, and has not demonstrated the ability to obtain and sustain consistent housing since that time. . . . [The respondent] has never been married and reported that she was not in a relationship with [the biological] father. She has had several romantic relationships with the most recent being with Kelsey B., which involved intimate partner violence . . . concerns and resulted in two arrests with [the respondent] reported as the aggressor."

On January 15, 2019, the petitioner filed a termination of parental rights petition against both the respondent and the biological father. A trial was held on January 14 and 23, 2020. On June 3, 2020, the court, *Sanchez-Figueroa, J.*, issued a memorandum of decision granting the petition as to the biological father[2] and denying the petition as to the respondent. The court also ordered the petitioner to continue making efforts to reunite Josyah with the respondent and to increase visitation between them.

The petitioner made continued efforts without success and, on September 9, 2021, filed a subsequent petition seeking to terminate the respondent's parental rights as to Josyah. In its memorandum of decision granting the petition, the trial court, *Burgdorff, J.*, stated: "The petition allege[s] that the parental rights of [the respondent] should be terminated on the ground that Josyah has been found in a prior proceeding to have been neglected or uncared for, and [the respondent] has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of Josyah, she could assume a responsible position in the life of Josyah." The court held a trial over the course of four nonconsecutive days between April 5 and 12, 2023. The court heard testimony from multiple witnesses, including the respondent and two expert witnesses. In addition, twenty-eight exhibits were offered by the petitioner and entered into evidence as full exhibits.

In its memorandum of decision terminating the respondent's parental rights as to Josyah, the court found by clear and convincing evidence that "[the respondent] was born [in July, 1996] and is presently twenty-six years of age. . . . [The respondent] had an extensive history of abuse and neglect as a child and was in [the department's] care from 2009 to 2014. She was placed in residential, group home, and foster care settings. During her childhood, she presented with significant mental health and behavioral issues. She was diagnosed with post-traumatic stress disorder . . . attention deficit/hyperactivity disorder . . . oppositional defiant disorder, and bipolar disorder." (Footnote omitted.) The court also found by clear and convincing evidence that the department made reasonable efforts to reunify Josyah with the respondent, that the respondent was unable or unwilling to benefit from those reunification efforts, and that the respondent "has not achieved the requisite degree of personal rehabilitation that would encourage the belief that, within a reasonable period of time, considering Josyah's age and needs, [she] could assume a responsible position in [his] life . . . ." This appeal followed.

On appeal, the respondent asserts that this court should recognize her right to be the legal guardian of

Josyah because she would be a better caregiver to him than the petitioner. The respondent's appellate brief does not identify any claim of legal or factual error that the court made in rendering judgment terminating her parental rights.

It is well established that, "[a]lthough self-represented parties are not excused from complying with relevant rules of procedural and substantive law, [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . Thus, like the trial court, [this court] will endeavor to see that such a litigant shall have the opportunity to have [her] case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Nonetheless, [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law . . . and [w]e repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstraction, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . For a reviewing court to judiciously and efficiently . . . consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs." (Internal quotation marks omitted.) *In re Olivia W.*, 223 Conn. App. 173, 182–83, 308 A.3d 571 (2024).

By failing to identify any cognizable claim of error in the trial court's decision, the respondent has abandoned any possible claim related to the judgment from which she has appealed. The respondent's status as a self-represented party does not permit us to overlook such omission. Because the respondent has abandoned any claim of error related to the judgment, we are unable to afford her any relief in connection with this appeal.

The judgment is affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the court.

Moreover, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

** March 20, 2024, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] On November 13, 2017, when he was fifteen months old, Josyah was placed in a special study fictive kin medically complex foster home. He continues to reside in that home and has a close attachment with his foster mother.

[2] Josyah's biological father did not appeal from the June 3, 2020 judgment terminating his parental rights. All references to the respondent in this

opinion pertain only to Celina T.

----